UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CON-DIVE, L.L.C. | CIVIL ACTION |
| VERSUS | NO. 08-669 |
| W&T OFFSHORE, INC. | SECTION "B"(2) |

## ORDER ON MOTION

APPEARANCES:  None (on the briefs)

MOTION:  Defendant's Motion for Sanctions for Failure to Provide Discovery, Record Doc. No. 69

O R D E R E D:

XXX: GRANTED IN PART AND DENIED IN PART, as provided herein. It appears that Con-Dive has made an insufficient effort to comply with my previous order, Record Doc. No. 23, since so many of its untimely answers to interrogatories and responses to requests for production remain incomplete and contain vague hedges rather than straightforward answers. Every one of Con-Dive's responses to requests for production and many of its interrogatory answers, after providing incomplete responsive information, state: "Con-Dive reserves all rights to supplement or amend this response pursuant to Rule 26(e)." Con-Dive is hereby reminded that Fed. R. Civ. P. 26(e)(1) does not provide a "right" which you may "reserve." Instead, it imposes an obligation with which Con-Dive must comply. "A party . . . who has responded to an interrogatory [or] request for production, . . . must supplement or correct its . . . response : in a timely manner . . . or as ordered by the court" (emphasis added). A Rule 30(b)(6) deposition notice similarly imposes obligations, not options, upon a party deponent, like Con-Dive. "The named organization [in a Rule 30(b)(6) deposition notice] must . . . designate one or more officers, directors or managing agents, or designate other persons who consent to testify on its behalf; . . ." (emphasis added). Con-Dive's dilatory discovery conduct necessitates a special order. Accordingly, the motion is GRANTED IN PART as follows:

      **IT IS ORDERED** that Con-Dive must immediately redouble its efforts to locate all information responsive to the subject interrogatories and requests for production and

must complete its Rule 26(e)(1) supplementation of its responses to defendant's written discovery, together with its production of all responsive materials, on an expedited basis and no later than **October 20, 2009**. If Con-Dive has no additional information or materials responsive to any particular discovery request, it must clearly say so in new, supplemental written responses provided by that date. **IT IS FURTHER ORDERED** that Con-Dive is hereby prohibited from using -- at trial, in connection with any motion or for any other purpose in this case -- any responsive information or materials that it fails to provide to defendant by **October 20, 2009**, except upon motion for leave to do so and good cause shown.

**IT IS FURTHER ORDERED** that, immediately upon receipt of this order, counsel for Con-Dive must contact counsel for the moving defendant in person or by telephone and devise a schedule to complete the Rule 30(b)(6) deposition of Con-Dive and the depositions of all witnesses whom Con-Dive may call as witnesses at trial. All such witnesses who are current employees of Con-Dive must be produced by Con-Dive for their depositions, pursuant to this order, without the need for subpoenas. As to all such witnesses who are not currently employed by Con-Dive, Con-Dive must provide plaintiff with their last known addresses, in writing, so that they may be subpoenaed. No later than **October 9, 2009**, counsel must jointly provide me with a letter setting forth the schedule for completion of these depositions prior to the current discovery deadline, so that I may file the deposition schedule in the court's record and make it the order of the court.

**IT IS FURTHER ORDERED** that Con-Dive must pay W&T Offshore, Inc. $600.00 in reasonable costs and fees incurred in connection with this motion.

The motion is denied insofar as it seeks an order <u>immediately</u> prohibiting Con-Dive from using at trial or for any other purpose in support of its claims information not yet provided in response to defendant's discovery requests. Con-Dive is hereby being provided with one final opportunity to comply with its discovery obligations before Rule 37(b)(2) sanctions beyond those contained in this order may be imposed.

New Orleans, Louisiana, this   30th   day of September, 2009.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE